```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND
```

ANDREW M. BAUM, et al.            *

       Plaintiffs        *

  vs.                              *   CIVIL ACTION NO. MJG-03-112

JONATHAN W. BAUM                  *

       Defendant         *

\*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

The Court has before it Defendant's Motion to Remand for Attorney's Fees, Costs and Other Appropriate Relief and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

### A.  Remand

In brief, this case involves an intra-family dispute relating to guardianship for the late Dr. Siegmund Baum. Plaintiffs claim, on various theories, that the Defendant wronged them by publishing certain allegedly false statements. The following chronology sets forth the pertinent facts.

| Date | Event |
|---|---|
| October 19, 2001 | Plaintiff filed suit for injunctive relief in State Court |
| November 29, 2001 | Defendant served |
| January 22, 2002 | Defendant moved for dismissal on jurisdictional, venue grounds |

```
September 20, 2002  Dismissal denied

October 19, 2002    One year after commencement of
                    action

December 10, 2002   Plaintiff filed Amended Complaint
                    adding claim for defamation,
                    seeking damages

December 12, 2002   Defendant received amended
                    complaint

December 13, 2002   Defendant filed Notice of Removal
```

Defendant seeks removal to Federal Court by virtue of the diversity jurisdiction under 28 U.S.C. §1322(A). The Court assumes that there is diversity of parties[1].

Defendant sought removal pursuant to 28 U.S.C. §1446(b) which provides, generally, for removal within 30 days of receipt of the Complaint. However,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant. . . of a copy of an amended pleading. . . from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The Notice of Removal was filed more than a year after Defendant received the Complaint. Defendant seeks to avoid the consequences of his failure to remove within 30 days of

---

[1] There may be an issue regarding diversity.

receipt of the Complaint.  Frankly, the Court cannot discern the point of Plaintiff's argument leading to the conclusion that the case, as originally brought, was not removable.  Nevertheless, even assuming, somehow, that the case stated in the initial pleading was not removable, removal would be barred by the one-year restriction.

Defendant asserts that the Amended Complaint presents an entirely new cause of action which would constitute a new law suit and start a new removal period.  Compare Fletcher v. Hamlet, 116 U.S. 408 (1886).  The Court finds Defendant's contentions baseless.  The Amended Complaint presents nothing more than an additional claim based upon essentially the same "transaction" presented in the original Complaint.  Accordingly, removal was barred.

### B.   Fees and Costs

The Court may, when remanding a case, "require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The Court finds the actions of Defendant's Counsel in seeking removal of the instant case to be sufficiently baseless to warrant an amount of fees sufficient to deter future conduct of the same type.  Accordingly, the Court will

award an amount which is, without question, less than the Plaintiffs' fees incurred in seeking remand. The Court finds that recovery of $500.00 is appropriate under the circumstances presented.

C. Conclusion

For the foregoing reasons:

1. Plaintiff's Motion for Remand is GRANTED.

2. A separate Order Remanding Case shall be issued.

3. Plaintiff's Motion for Attorneys Fees, Costs and Other Appropriate Relief is GRANTED.

4. By May 15, 2003, William F. Seekford, Esquire shall pay Plaintiffs the sum of $500.00 for their costs, including legal fees, relating to this matter.

SO ORDERED, on Thursday, April 3, 2003.

/ s /
Marvin J. Garbis
United States District Judge